John W. McWhirter, Jr. Attorney Board of Trustees of Hillsborough Community College Tampa
QUESTION:
May Hillsborough County require a child-care center operated by the Hillsborough Community College as an educational facility for its child psychology and early education students to comply with local licensing standards promulgated pursuant to ss.402.301-402.316, F. S.?
SUMMARY:
Hillsborough County may not require the Hillsborough Community College to comply with local licensing standards in the construction and operation by the college of a child-care facility which is used as an educational facility primarily to provide child psychology and early education students with the opportunity to engage in observational and participant studies. A general law establishes procedures for promulgating the State Uniform Building Code for Public Educational Facilities Construction. This law, s. 235.26, F. S., contains a specific legislative exemption for educational facilities built under this code from all other state, county, district, municipal, or local standards, building codes, interpretations, building permits, and assessment of fees for building permits and ordinances.
Your question is answered in the negative.
Chapter 235, F. S., establishes the procedures for the promulgation of the State Uniform Building Code for Public Educational Facilities Construction. See s. 235.26. Subsection (1) of s. 235.26 provides an express exemption for the construction of educational facilities:
 All educational facilities constructed by a board shall incorporate the State Uniform Building Code for Public Educational Facilities Construction and shall be exempt from all state, county, district, municipal, or local building codes, interpretations, building permits and assessments of fees for building permits, and ordinances.
This exemption is reinforced by subsection (9) of s. 235.26 which states the legal effect of the uniform building code:
 (9) The State Uniform Building Code for Public Educational Facilities Construction shall have the force and effect of law and shall supersede any other code adopted by a board or any other building code or ordinance for the construction of educational facilities, whether at the local, county, or state level, and whether adopted by rule or legislative enactment. All special acts or general laws of local application are hereby repealed to the extent that they conflict with this section.
Together, these two subsections of s. 235.26 represent and express legislative exemption for the construction of educational facilities. Any purported exception to this exemption must be clearly expressed.
Sections 402.301-402.316, F. S., Florida's child-care licensing act, establish the licensing procedures for child-care facilities. Section 402.306 allows a `county whose licensing standards meet or exceed state minimum standards' to `[d]esignate a local licensing agency to license child-care facilities in the county.' These licensing procedures are promulgated as local building standards which must meet or exceed the state minimum standards established by the Department of Health and Rehabilitative Services. See s.402.307. Thus, the local standards could vary from county to county and in fact from municipality to municipality with a single county. Such standards would not necessarily be uniform or consistent and could conflict with the educational facilities state uniform code.
You question whether the license requirements promulgated by Hillsborough County can be applied to a child-care facility operated by Hillsborough Community College which is being used as an educational facility primarily for the purpose of affording child psychology and early education students the opportunity to engage in observational and participant studies. I conclude that the provisions of ss. 402.301-402.316, F. S., should not be applied to educational facilities which are in compliance with the State Uniform Building Code for Public Educational Facilities Construction, Ch. 235., F. S.
A well-established rule of statutory construction is that a statute written in general language is not applicable to the state and its political subdivisions. The terms of the enactment must clearly and undisputably apply to the government. United States v. Brown, 555 F.2d 407 (5th Cir. 1977); United States v. Mayo,47 F. Supp. 552 (N.D.Fla. 1942); State v. Love, 126 So. 374 (Fla. 1930); 3 C. Sands, Sutherland Statutory Construction s. 62.01 (4th ed. 1974). I can discern no legislative intent, either express or implied, that the provisions of ss. 402.301-402.316, F. S., are to be applicable to the state or its subdivisions. Therefore, the provisions of these statutes should not be applied to a community college operating a child-care facility if it is a bona fide educational facility whose primary purpose is to benefit, educate, and train community college students.
This conclusion is consistent with the legislative history and evolution of Ch. 235, F. S., and with past opinions rendered by this office. See AGO's 058-119, 062-41, 065-81, 071-75, 071-233, 071-367, 074-335, and 075-98. The legislative thrust and intendment of Ch. 235 has been the establishment of a State Uniform Building Code which would allow uniform statewide educational building construction and which would be exempt from local regulation and interference. The express preemptive language of s. 235.26(1) and (9) accomplishes that purpose; I can find no language in ss. 402.301-402.316, F. S., which would evince a legislative intent to carve out an exception to Ch. 235 for child-care facilities operated primarily for educational purposes by a community college.
Therefore, I conclude that Hillsborough County cannot require a community college which is operating a child-care center primarily as an educational facility for the benefit and training of its child psychology and early education students to comply with the county's local licensing standards promulgated pursuant to the child-care licensing act, ss. 402.301-402.316, F. S.
Prepared by:
Craig B. Willis Assistant Attorney General